IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM FRANK MARSHALL, JR., | ) |
| Plaintiff, | ) Civil Action No. 7:21-cv-00089 |
| v. | ) **MEMORANDUM OPINION** |
| RICHARD FARLEY, *et al.*, | ) By:  Hon. Thomas T. Cullen |
| | )      United States District Judge |
| Defendants. | ) |

Plaintiff William Frank Marshall, Jr., a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 against Richard Farley and the Office of the Commonwealth's Attorney for the County of Albemarle. Having reviewed Marshall's complaint, the court concludes that Marshall has failed to state a cognizable claim against either of the named defendants. Therefore, the court will dismiss Marshall's complaint pursuant to 28 U.S.C. § 1915A(b)(1).

I.

According to the complaint, this case arises from a criminal prosecution of Marshall in the Circuit Court of Albemarle County, Virginia. Marshall alleges that, on or about March 20, 2020, "[Assistant] Commonwealth's Attorney Richard Farley lied three times in court under oath." (Compl. 2 [ECF No. 1].) More specifically, Marshall alleges that Farley falsely stated: (1) that Marshall had been previously charged with possession of a firearm; (2) that Marshall possessed several types of ammunition; and (3) that several guns were found inside Marshall's residence. (*Id.*) In his request for relief, Marshall states that he seeks "to sue Richard Farley and the Office of the Commonwealth's Attorney." (*Id.*)

Records related to the criminal proceedings are publicly available online.* A grand jury returned an indictment against Marshall on October 7, 2019, and Marshall pled guilty to an amended charge of possession of a firearm after having been convicted of a nonviolent felony on March 1, 2021. He is serving an active sentence of 2 years and 9 months. *See Commonwealth v. Marshall*, CR19000673-00, *available at* http://ewsocis1.courts.state.va.us/CJISWeb/circuit.jsp (last visited May 25, 2021).

## II.

This court is required to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it "fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a

---

* Courts may take judicial notice of matters of public record. *See Gordon v. Schilling*, 937 F.3d 348, 353 n.6 (4th Cir. 2019).

right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011)). For the following reasons, the court concludes that Marshall's complaint fails to state a plausible § 1983 claim against either of the named defendants.

First, the Office of the Commonwealth's Attorney is not a "person" for purposes of § 1983. *See Will v. Mich. Dept' of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). Accordingly, the Office is "not a proper defendant in a § 1983 action." *Reynolds v. Dist. Attys. Office Dickenson Cty.*, No. 7:19-cv-00415, 2020 U.S. Dist. LEXIS 33662, at *2 (W.D. Va. Feb. 27, 2020); *see also Newkirk v. Circuit Court*, No. 3:14-cv-00372, 2014 U.S. Dist. LEXIS 113032, at *5 (E.D. Va. Aug. 13, 2014) ("[N]either the Circuit Court of the City of Hampton nor the Office of the Commonwealth's Attorney are persons under § 1983, thus, they are not amenable to suit.").

Second, the doctrine of prosecutorial immunity bars any claim for damages against Farley. As an Assistant Commonwealth's Attorney, Farley "enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'" *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). For instance, when a prosecutor takes steps to initiate judicial proceedings or appears in court to present evidence or argument, he is entitled to absolute immunity for his actions. *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009); *see also Savage v. Maryland*, 896 F.3d 260, 268 (4th Cir. 2018) ("When a prosecutor is functioning as an advocate for the State, it is clear that his or her actions are intimately associated with the judicial phase

of the criminal process and thus protected by absolute immunity.") (internal quotation marks omitted). The focus of the immunity analysis is "on the *conduct* for which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." *Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993) (emphasis added). In this case, Marshall's allegations against Farley relate solely to actions taken in his role as an advocate for the Commonwealth during Marshall's criminal prosecution. Accordingly, Farley is entitled to prosecutorial immunity.

Third, to the extent Marshall challenges the validity of his confinement and seeks to be released from incarceration, his claim is not cognizable in a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). "He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

## IV.

For the reasons stated, the court will dismiss Marshall's complaint pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Marshall.

**ENTERED** this 25th day of May, 2021.

*/s Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE